

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2009

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1488

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Chen v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1198.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1198

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1488
_____

BIN CHEN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A77 551 032
Immigration Judge: Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2009

Before:  BARRY, SMITH and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 11, 2009)
_____

OPINION
_____

PER CURIAM

        Bin Chen petitions for review of a Board of Immigration Appeals ("BIA")

decision denying his motion to reopen his immigration proceedings.  We will deny the

petition for review.

Chen is a native and citizen of China. He entered the United States in 1999 and sought asylum and related relief because of persecution on account of his opposition to China's family planning policy. He was denied relief, but was granted voluntary departure. The BIA dismissed his appeal on October 8, 2002. Chen filed a motion to reopen which was denied on February 12, 2003.[1] Chen filed a subsequent motion to reopen, based on the following facts: Chen divorced his first wife, who apparently still lived in China, and married a Chinese woman in the United States who already had three children. The couple then had a child together in 2007. Chen's motion asserted that through phone calls with family and friends in China, he had learned that forced abortions and sterilizations had been on the rise. He asserted that Chinese family planning officials were aware that he had remarried and that his new wife was expecting a child, and stated that he would have to comply with family planning procedures upon his return to China. Chen asked that the proceedings be reopened to consider his claims for asylum and withholding of removal.[2]

The BIA denied the motion on January 25, 2008, finding that the motion exceeded

---

[1] Chen claimed to have presented "new evidence" with his first motion to reopen to corroborate his claims, but the Board found the evidence could have been presented at his previous hearing. A.R. 385, 377.

[2] In his opening brief in this Court, Chen argues that he is also eligible for relief under the Convention Against Torture. Because Chen did not raise this claim in his motion to the BIA, it is unexhausted and we do not consider it further. Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (petitioner must raise each ground for relief to preserve right to judicial review).

both time and number limitations for motions to reopen.  Chen filed a timely petition for review.[3]

This Court reviews the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006).  Under this standard, the Court may reverse BIA's decision only if it is "arbitrary, irrational, or contrary to law."  Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).  An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered."  8 C.F.R. § 1003.2(c)(2).  The time and number requirements are waived for motions that rely on evidence of "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding."  8 C.F.R. § 1003.2(c)(3)(ii).  Changes in personal circumstances do not constitute changed country conditions, and thus do not excuse a motion's untimeliness, but such changes may be relevant to a claim that an alien would be persecuted under changing Chinese family planning laws.  Zheng v. Attorney General, 549 F.3d 260, 267 (3d Cir. 2008).

The BIA here found that Chen did not submit evidence that showed a material change in the family planning policies of Fujian Province.  Chen submitted a statement

---

[3] The petition for review was stayed pending the Court's decisions in several similar cases.  Those cases have been decided, and the parties have filed supplemental briefs addressing those decisions.

from his brother in China, dated September 26, 2007, A.R. 92-95; claiming that a neighbor was subjected to forcible abortion, but the BIA noted that he had not submitted an affidavit from the neighbor herself, or any other evidence to support this claim. The BIA also was troubled that the affidavit was a copy, and that Chen had failed to submit the original. Chen also submitted a notice from the Residents Committee of Shuibu, Gulou District, Fuzhou City, dated September 25, 2007, A.R. 100-01; which was also a black and white copy, and did not contain an original seal. The BIA noted that Chen had submitted numerous other documents, see A.R. 33-36 (list of documents produced); some of which had been considered by the Board in other cases, and which the BIA had found not to show a material change in the family planning policy of Fujian Province. The BIA also noted that the IJ had made an adverse credibility finding which "has never been overturned and remains the law of the case."[4] The BIA then rejected Chen's alternative argument that he was not subject to the 90-day deadline because he was filing a "successive asylum application" under 8 U.S.C. § 1158(a)(2)(D), which, according to Chen, allowed him to file a new application based solely on changed personal

---

[4] Chen argues in his initial brief here that the "BIA abused its discretion by implying that Petitioner's alleged lack of credibility in his prior removal proceedings somehow undermines his fear of future persecution under China's coercive population control policies." Petitioner's Brief at 19. In Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004), we held that "[t]he legitimacy of an initial credibility determination does not . . . justify denial of all subsequent applications for asylum." However, we do not believe that the BIA's decision here rests on a prior adverse credibility finding. Rather, the BIA found that the evidence Chen submitted with his motion to reopen was insufficient to establish changed country conditions.

4

circumstances.

As an initial matter, we note that Chen's argument that he may file a successive asylum application without regard to the limits applicable to a motion to reopen is foreclosed by our decision in Liu v. Attorney General, 555 F.3d 145 (3d Cir. 2009), in which we held that, after completion of removal proceedings, an alien must file an asylum application in conjunction with a motion to reopen and must meet the time and numerical limitations on motions to reopen. Id. at 152. We also reject Chen's argument that his case is similar to Zheng v. Attorney General, 549 F.3d 260, 269-71 (3d Cir. 2008), where we vacated the denial of motions to reopen based on the BIA's failure to discuss the evidentiary record. Here, the BIA referred in its decision to nearly all of the background information provided by Chen, and concluded that it was "inadequate to demonstrate changed country conditions 'arising the country of nationality' . . . ." A.R. 4.

Chen argues:

> The BIA simply did not discuss or review twenty three pieces of evidence including dispositive documents from the Chinese Government (JA 131-175), 8 newspaper articles (JA 309-375), and a recounting from someone who was sterilized for violating the Family Planning Policy outside of China. JA 296-308. That is nearly 122 pages of background information that the BIA simply did not review.

Petitioner's Supplemental Brief at 7. We disagree. The BIA decision lists all of the evidence that Chen points out, aside from the "recounting from someone who was sterilized . . . ." We have no reason to believe that the BIA failed to review the information. Although we have remanded where the Board has "fail[ed] to discuss most

5

of the evidentiary record," see Zheng, 549 F.3d at 269; we do not require the Board "to write an exegesis on every contention" raised by the movant, see Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002). The BIA here examined the background evidence submitted, and determined, as it did in Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007) that the evidence did not show a material change in family planning policy in Fujian Province. Substantial evidence supports the BIA's conclusions.

Accordingly, we will deny the petition for review.